**Abdulai SHERIFF, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73075.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.\*

Filed Jan. 19, 2011.

Bakary Fansu Conteh, Esquire, Law Office of Bakary Fansu Conteh, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Mark Christopher Walters, Esquire, Assistant Director, Annette M. Wietecha, Esquire, Arthur L. Rabin, Esquire, U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Abdulai Sheriff, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum and withholding of removal based upon changed country conditions because, even if Sheriff were credible and established past persecution, the record reflects that country conditions in Sierra Leone have changed such that Sheriff no longer has a well-founded fear of future persecution by members of the Revolutionary United Front. *See Sowe*, 538 F.3d at 1286–1288.

Substantial evidence also supports the agency's denial of CAT relief based on changed country conditions. *Id.* at 1288–89.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.